# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 202-393-9872 THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE.

Case No. 19-SW-38

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein and included as part of this Application for a Search Warrant.

located in the _____ District of Columbia, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the attached Affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1201 | Kidnapping |

The application is based on these facts:
See Attached Affidavit in Support of Search Warrant.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Emily Eckert, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/05/19

*Judge's signature*

City and state: Washington, D.C.    G. Michael Harvey, United States Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 202-393-9872 THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE. | )<br>)<br>)  Case No.   19-SW-38<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of    Columbia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A  incorporated herein and included as part of the Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein and included as part of the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before    February 19, 2019    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    G. Michael Harvey    .
                                                                                              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    2/05/19
                                                                                          *Judge's signature*

City and state:    Washington, D.C.        G. Michael Harvey, United States Magistrate Judge
                                                                                  *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 19-SW-38 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number 202-393-9872 ("the Account"), that are stored at premises controlled by T-MOBILE ("the Provider"), headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period December 17, 2018 00:01 EST to December 18, 2018 23:59 EST.

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell towers and sectors through which the communications were sent and/or received, to include voice calls, SMS/MMS, and data sessions; and any timing advance information, to include RTT, per call measurement data, True Call, NELOS, or similar.

**II. Information to be Seized by the Government**

All information described above in Section I for phone number 202-393-9872, including subscriber information, call and SMS/MMS detail records, and the cell phone's location information, that constitutes evidence of violations of 18 U.S.C. § 1201 during the period December 17, 2018 00:01 EST to December 18, 2018 23:59 EST.

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by T-MOBILE, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of T-MOBILE. The attached records consist of _____ [GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]. I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of T-MOBILE, and they were made by T-MOBILE as a regular practice; and

    b.    such records were generated by T-MOBILE's electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of T-MOBILE in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by T-MOBILE, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date                         Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 202-393-9872 THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE. | SC No.  19-SW-38 |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, EMILY ECKERT, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 202-393-9872 ("the SUBJECT PHONE"), that is stored at premises controlled by T-MOBILE, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey, 07054. The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-MOBILE to disclose to the government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since 2016.  Currently, I am assigned to the Washington Field Office. I have gained experience through training with the FBI and in my everyday work related to conducting investigations. During my career as an FBI agent, I have (a) conducted physical and wire

surveillance; (b) participated in the execution of search warrants for various crimes; (c) reviewed and analyzed numerous recorded conversations and other documentation; (d) tasked, handled, and debriefed confidential human sources; and (f) conducted investigations of individuals engaged in various crimes. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. § 1201, and I am authorized by the Attorney General to request a search warrant.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1201 have been committed by JEREMIAH TREVELL MCCRIMMON. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. On December 18, 2018, Detectives from the Metropolitan Police Department Youth Family Services Division were notified that a 13-year-old female, an individual known to your affiant, (hereinafter "A.S.,") was the victim of a kidnapping and sexual assault.

6. A.S. reported to law enforcement that she was walking from school to her grandmother's house in Capitol Heights, Maryland on December 18, 2018, when MCCRIMMON, an adult male previously known to her, approached her. MCCRIMMON put A.S. in his vehicle against her will and handcuffed her. MCCRIMMON took A.S.'s cellular telephone and removed the battery. MCCRIMMON then drove A.S. to a residence in

Washington, DC, and sexually assaulted her. MCCRIMMON returned A.S. to Capitol Heights, Maryland in the early evening of December 18, 2018. Upon dropping her off, MCCRIMMON returned her cellular telephone and battery. A.S. further reported that she believes MCCRIMMON had discreetly followed her the day prior to the kidnapping, on December 17, 2018.

7. Your affiant is aware that a valid protection order preventing MCCRIMMON from having contact or harassing A.S. had been authorized by the District Court of Maryland for Prince Georges County and was in effect on December 17 and December 18, 2018.

8. A.S. advised law enforcement that her cell phone number is 202-393-9872. Forensic analysis of A.S.'s cell phone has confirmed that the telephone number associated with that device is 202-393-9872. A search of a law enforcement database has determined that telephone number 202-393-9872 belonged to T-MOBILE during the time period requested in Attachment B.

9. On January 11, 2019, the Superior Court of the District of Columbia issued a warrant for the arrest of MCCRIMMON. At approximately 1630 EST on January 11, 2019, MPD executed the arrest warrant. After being advised of his rights pursuant to *Miranda*, MCCRIMMON agreed to be interviewed by law enforcement. MCCRIMMON stated he approached A.S. on December 18, 2018, in Capital Heights, Maryland, placed her in his vehicle, and handcuffed her.. MCCRIMMON then removed her cellular telephone battery, and drove her to a residence in Washington, DC where he engaged in oral sex with her. MCRIMMON advised law enforcement he drove A.S. back to Capital Heights, Maryland later that same date.

10. Law enforcement has obtained surveillance footage from the afternoon of December 18, 2018, which shows MCCRIMMON approaching A.S. in a parking lot in Capital

Heights, Maryland, placing his hand on her arm and putting her into his vehicle before getting into the driver's seat and driving away. Additional footage located by law enforcement shows A.S. exiting MCCRIMMON's vehicle in the same vicinity several hours later. A.S.'s cell phone is seen in her hands at that time.

      11.      In my training and experience, I have learned that T-MOBILE is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

      12.      Based on my training and experience, I know that T-MOBILE can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13. Based on my training and experience, I know that wireless providers such as T-MOBILE typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-MOBILE typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

**AUTHORIZATION REQUEST**

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

15. I further request that the Court direct T-MOBILE to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-MOBILE, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

        Respectfully submitted,

        _____
        Emily Eckert
        Special Agent
        Federal Bureau of Investigation

Subscribed and sworn to before me on February 5, 2019

_____
HONORABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE